Slip. Op. 10-142

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| WALGREEN CO., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Before: Jane A. Restani, Judge |
| | : | |
| UNITED STATES, | : | Court No. 10-00373 |
| | : | |
| Defendant. | : | |
| _____ | : | |

## OPINION

[Plaintiff's motion for preliminary injunction is granted.]

Dated: December 23, 2010

Katten Muchin Rosenman, LLP (Mark S. Zolno, Eric R. Rock, and Benjamin H. Shanbaum) for the plaintiffs.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Stephen C. Tosini); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (Thomas M. Beline), of counsel; Office of the Assistant Chief Counsel International Trade Litigation, U.S. Customs and Border Protection (Paula S. Smith), of counsel, for the defendant.

The matter is before the court on plaintiff's motion for a preliminary injunction of

liquidation of entries imported by plaintiff into the United States.  That injunction has been

granted.[1]

## BACKGROUND

Walgreen Co. ("Walgreen") is an importer of cased pencils from the People's

_____

[1] A temporary restraining order with respect to entries made through the Port of Savannah, Georgia was issued on December 16, 2010.  Order (Dec. 16, 2010) (Docket No. 13).

Republic of China ("PRC").  See Complaint ¶ 4 (Docket No. 2).  Such merchandise is covered by

an antidumping duty order.  See Antidumping Duty Order: Certain Cased Pencils from the

People's Republic of China, 59 Fed. Reg. 66,909, 66,909 (Dep't Commerce Dec. 28, 1994).  At

issue here are liquidation instructions relating to an administrative review of that order.  See

Certain Cased Pencils from the People's Republic of China, 75 Fed. Reg. 38,980, 38,980 (Dep't

Commerce July 7, 2010) ("Final Results").  The review covered entries into the United States

made during the period December 1, 2007, through November 30, 2008.  Id. at 38,981.  Although

there is a China-wide entity rate of in excess of 100%, one company which produced the cased

pencils imported by Walgreen, Shanghai Three Star Stationery Co., Ltd. ("Three Star"), was a

mandatory respondent in the review and demonstrated that it was separate from the China-wide

entity.  See id.  The Final Results established "a per-unit assessment rate for each importer (or

customer)" of this producer.  Id. at 38,982.

        Plaintiff asserts that the Liquidation Instructions issued by the Department of

Commerce ("Commerce") to the Bureau of Customs and Border Protection ("Customs") are

inconsistent with the Final Results.  Supplemental Mem. of P&A in Supp. of Pl.'s Mot. for a

Prelim. Inj. Against Liquidation of Certain Entries 19  22.

        The key paragraph of the Liquidation Instructions is as follows:

    1. FOR ALL SHIPMENTS OF CERTAIN CASED PENCILS FROM THE
    PEOPLE"S REPUBLIC OF CHINA EXPORTED BY THREE STAR
    STATIONARY INDUSTRY CO., LTD. (A-570-827-005), IMPORTED BY, OR
    SOLD TO, THE IMPORTER OR CUSTOMER (AS INDICATED ON THE
    COMMERCIAL INVOICE OR CUSTOMS DOCUMENTATION) LISTED
    BELOW AND ENTERED, OR WITHDRAWN FROM WAREHOUSE, FOR
    CONSUMPTION DURING THE PERIOD 12/01/2007 THROUGH 11/30/2008.
    ASSESS AN ANTIDUMPING LIABILITY EQUAL TO THE PER-UNIT

DOLLAR AMOUNT FOR EACH UNIT OF SUBJECT MERCHANDISE
LISTED BELOW.

Confidential Administrative R. ("Admin. R.") 1102.  The list referred to contains the names of

"importer(s) or customer(s)" of the Chinese manufacturer.  Among the "customers" are certain

entities which were involved in the Walgreen entries at issue.  In some cases they may be

affiliated with purchasing agents in the United States, which placed orders for Walgreen, the

importer of record.

        The problem arose here because Three Star is not listed as an  "exporter" in the

documents presented to Customs, but rather as a"manufacturer" and the "exporters" seem in

most cases to be the "customers."  Customs decided either on its own or under advice from

Commerce to begin to liquidate these entries under this paragraph of the Liquidation Instructions:

> 1. FOR ALL SHIPMENTS OF CERTAIN CASED PENCILS FROM THE
> PEOPLE'S REPUBLIC OF CHINA (PRC) EXPORTED BY THE PRC-WIDE
> ENTITY (A-570-827-000) ENTERED, OR WITHDRAWN FROM
> WAREHOUSE, FOR CONSUMPTION DURING THE PERIOD 12/01/2007
> THROUGH 11/30/2008, ASSESS AN ANTIDUMPING LIABILITY EQUAL TO
> 114.90 PERCENT OF THE ENTERED VALUE.  ENTRIES MAY HAVE ALSO
> ENTERED UNDER CASE NUMBERS A-570-827-001, A-570-827-007, AND
> A-570-827-011.

Admin. R. 1092.

        Documentation presented to the court and examined by the Government indicate

that the sales at issue are for the most part the very sales of Three Star that Commerce analyzed

in arriving at the very low or de minimis customer specific assessment rates Walgreen seeks to

have applied to its entries, as opposed to the China-wide entity rate of 114.90 percent.

## JURISDICTION

If the Liquidation Instructions described above varied from the <u>Final Results</u> or

reflected some decision made by Commerce after the <u>Final Results,</u> jurisdiction would lie under

28 U.S.C. § 1581(i)[2] to correct any error.  If an error occurred in the <u>Final Results</u> for any reason,

including failure of Walgreen's manufacturer to present some information to Commerce,

jurisdiction would lie only under 28 U.S.C. § 1581(c).[3]  The United States alleges that is the case.

The statute of limitation has expired for an action under § 1581(c) and, in any case, plaintiff was

not a participant in the underlying proceeding so it lacks standing to proceed under that section.

<u>See</u> 28 U.S.C. § 2631(c).  As an interested party, the importer, plaintiff could have participated.

<u>Id.</u>  If plaintiff had an adequate remedy under 28 U.S.C. § 1581(c), it may not bring an action

under 28 U.S.C. § 1581(i).  <u>Miller & Co. v. United States</u>, 824 F.2d 961, 963 (Fed. Cir. 1987).  If

instead the error is in the Liquidation Instructions, as indicated jurisdiction will lie under 28

U.S.C. § 1581(i), and this action would be timely, as liquidation is just now commencing.  <u>See</u>

<u>Consol. Bearings Co. v. United States</u>, 348 F.3d 997, 1002  03 (Fed. Cir. 2003); <u>Shinyei</u>, 355

---

[2] "[T]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States . . . that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise" or the "administration and enforcement" thereof.  28 U.S.C. § 1581(i)(2), (4).  Nevertheless, "[t]his subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable . . . by the Court of International Trade Under section 516A(a) of the Tariff Act of 1930." <u>Id.</u> at § 1581(i); <u>see also</u> <u>Shinyei Corp. of Am. v. United States</u>, 355 F.3d 1297 (Fed. Cir. 2004).

[3] "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." 28 U.S.C. § 1581(c) (relating to reviews of certain determinations by Commerce, including administrative reviews of antidumping duty orders).

F.3d at 1312.  There is also a possibility that Customs made a decision which is incorrect under

the Liquidation Instructions, in which case jurisdiction may eventually lie under 28 U.S.C.

§ 1581(a) (protest denial jurisdiction).  Jurisdictional facts are unclear, but it appears 28 U.S.C.

§ 1581(i) jurisdiction is likely, as the <u>Final Results</u> do not seem to lead to the assessment rate

proposed by the United States for the entities at issue.

## DISCUSSION

First, there is a strong possibility that liquidation will foreclose plaintiff's

remedies.  If the error would have been correctable under 28 U.S.C. § 1581(i) but liquidation is

not enjoined, it is not clear that under these facts that the liquidation may be overturned.  <u>See</u>

<u>Am. Signature, Inc. v. United States</u>, 598 F.3d 816, 829 (Fed. Cir. 2010) ("<u>ASI</u>") (<u>citing</u> <u>Ugine &</u>

<u>Alz Belgium v. United States</u>, 452 F.3d 1289, 1297 (Fed. Cir. 2006)).  Further, the jurisdictional

facts which might establish 28 U.S.C. § 1581(a) jurisdiction, under which reliquidation may be

ordered, have not been established.  In such an uncertain situation, preservation of remedies is to

be favored.  <u>See</u> <u>ASI</u>, 598 F.3d at 828  30.  Thus, plaintiff has satisfied the requirement to show

irreparable harm.

Second, there is a likelihood of success on the merits or, at least, a very substantial

question.  As conceded by the Government counsel, most if not all of the entries at issue

involved sales which formed the bases for Commerce's customer specific rates for the involved

manufacturer.  The <u>Final Results</u> refer to the manufacturers under a listing for

"manufacturers/exporters," <u>Final Results</u>, 75 Fed. Reg. at 38,981, not just to "exporters," as do

the Liquidation Instructions, Admin. R. 1096, 1102.  While the "customers" information seems

to match, the Liquidation Instructions do not appear to fully reflect the <u>Final Results</u>.  <u>Compare</u>

<u>Final Results</u>, 75 Fed. Reg. at 38,981, <u>with</u> Admin. R. 1102.  At the very least there is ambiguity

as to what "customer" is supposed to designate.  This situation requires a halt to liquidation to

resolve the pending issues of law and fact.

       Third, the balance of hardships favor Walgreen.  There seem to be no reason to

believe that the United States will be deprived of anything if liquidation is enjoined, while

Walgreen may be in an irremediable situation without preliminary relief.  <u>See</u> <u>ASI</u>, 598 F.3d at

829.

       Finally, the public interest is served by permitting a full examination of the facts

and law.  <u>See</u> <u>ASI</u>, 598 F.3d at 830.

## CONCLUSION

       The motion for preliminary injunction is granted and the parties shall submit a

scheduling order by December 30, 2010.

                                               /s/  Jane A. Restani
                                                Jane A. Restani
                                                     Judge

Dated: This 23rd day of December, 2010.
       New York, New York.